**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

WAVIE CANNON JR., as personal representative of the Estate of BRENDA J. CANNON, deceased )

KORIE JAMES CANNON, Adult Child, )

Plaintiffs, )

vs. )

DAVOL INC. and C.R. BARD, INC.,

Defendants.

CA 08 159

Case No.: ________

## NOTICE OF REMOVAL

Defendants Davol Inc. ("Davol") and C.R. Bard, Inc. ("Bard") , by their undersigned counsel, hereby remove the above-captioned matter from the Superior Court of Rhode Island, Providence County, to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Bard and Davol respectfully state:

1. Plaintiffs filed this action in the Superior Court of Rhode Island, Providence County, on or about April 23, 2008. Neither Bard nor Davol have been served with a copy of the Complaint.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Bard and Davol have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441.

## I. Bard and Davol Have Satisfied the Procedural Requirements for Removal

3. Removal is timely. Davol and Bard have not been served with a copy of the Complaint. *See* Ex. A. Removal is thus timely since it is prior to 30 days from the date of service.

4. Removal is Proper. Davol has not been served with a copy of the Complaint. The plain language of 28 U.S.C. § 1441(b) permits removal when, as here, a forum defendant has not been properly joined *and* served. *See Thompson v. Novartis Pharms. Corp.*, No. 06-6280 (JBS), 2007 WL 1521138, at *4 (D.N.J. May 22, 2007) ("This language is unambiguous – removal is prohibited only where a defendant, who is a resident of the forum state, has been 'properly joined *and served.*'") (quoting 28 U.S.C. § 1441(b)); *City of Ann Arbor Employee's Retirement Sys. v. Gecht*, No. C-06-7453EMC, 2007 WL 760568 (N.D. Cal. March 9, 2007) (denying motion to remand where in-state defendant had not been served at the time of removal); *Perez v. McNamee*, No.C-06-5031, 2006 U.S. Dist. LEXIS 89820 (N.D. Cal. Nov. 30, 2006) (removal proper before in-state defendant served); *Frick v. Novartis Pharms. Corp.*, No. 05-5429, 2006 WL 454360, *1 (D.N.J. Feb. 23, 2006) (same); *Massey v. Cassens & Sons, Inc.*, No. 05-CV-598-DRH, 2006 U.S. Dist. LEXIS 9675, at *10 (S.D. Ill. Feb. 16, 2006) (same).

5. Venue is Proper. The Superior Court of Rhode Island, Providence County, is located within the District of Rhode Island, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 120 because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. No further proceedings have been had in the state court action.

7. No previous application has been made for the relief requested herein.

8. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Ex. B and is being filed in the Superior Court of Rhode Island, Providence County and served on Plaintiffs.

## II. Bard and Davol Have Satisfied the Requirements of 28 U.S.C. § 1332

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

### A. Complete Diversity Exists Between Plaintiffs and Defendants.

10. The Complaint states that the deceased Plaintiff is a citizen and resident of the State of Alabama. (*See* Compl. ¶ 1.2.)

11. Davol is, and has been at all relevant times, a corporation incorporated under the laws of Delaware with its principal place of business in Rhode Island. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), Davol is not a citizen of the State of Alabama.

12. Bard is, and has been at all relevant times, a corporation incorporated under the law of the State of New Jersey with its principal place of business in New Jersey as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), Bard is not a citizen of the State of Alabama.

### B. The Amount in Controversy Requirement is Satisfied.

13. The Complaint states that Plaintiffs seek an unspecified amount in damages. However, the amount in controversy exceeds the jurisdictional requisite in 28 U.S.C. § 1332. Plaintiffs' Complaint alleges that Plaintiff's Estate "suffered survival damages including conscious pain and suffering, loss of enjoyment of life, medical expenses, and funeral expenses."

(Compl. ¶ 11.1.) Additionally, Plaintiffs' child "suffered in the past and will likely suffer in the future wrongful death damages including pecuniary loss, loss of consortium, mental anguish, and lost inheritance." (Compl. ¶ 11.2.)

14. Plaintiffs' Complaint makes it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Likewise, federal courts in analogous cases have held that the amount-in-controversy threshold is met even though the plaintiff has not expressly pled an amount in controversy because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001); *see also Standard Fire Ins. Co. v. Gordon*, 376 F. Supp. 2d 218, 224 n.6 (D.R.I. 2005) (noting that jurisdictional amount-in-controversy requirement is met where from "the nature of the claims in the underlying suit, it is apparent that the amount-in-controversy could well exceed $75,000").

WHEREFORE, Bard and Davol respectfully removes this action from the Superior Court of Rhode Island, Providence County to this Court pursuant to 28 U.S.C. § 1441.

Date: May 1, 2008

Respectfully submitted,

________________________

Mark T. Nugent, #2637
Thomas M. Robinson, #6193
Morrison Mahoney, LLP
10 Weybosset Street, Suite 900
Providence, RI 02903
Tel.: (401) 331-4660
Fax: (401) 351-4420

Kirby T. Griffis, *pro hac vice*
Spriggs & Hollingsworth
1350 I Street, NW
Washington, DC 20005
Tel.: (202) 898-5800
Fax: (202) 862-1639

Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2008, a copy of the foregoing Notice of Removal was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Anthony E. Pletcher, Esq.
Mikal C. Watts, Esq.
Robert J. Patterson, Esq.
Austin W. Anderson, Esq.
WATTS LAW FIRM, L.L.P.
2506 North Port Avenue
Corpus Christi, TX 78401

David Morowitz, Esq.
THE LAW OFFICE OF DAVID MOROWITZ, LTD.
155 South Main Street
Providence, RI 02903

*Via first-class, postage prepaid, mail*

BY: ______________________



653226v1