**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WAVIE CANNON, JR., et al., | ) | [redacted] 08 159 |
| Plaintiffs, | ) | |
| | ) | Case No.: _________ |
| vs. | ) | |
| | ) | |
| DAVOL INC. and C.R. BARD, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**<u>DAVOL INC. AND C.R. BARD, INC.</u>**

Defendants Davol Inc. and C.R. Bard, Inc., ("Defendants") by and through counsel, answer the Plaintiffs' Complaint (the "Complaint") as follows:

## I.
## PARTIES

1.1 The allegations in Paragraph 1.1 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

1.2 Paragraph 1.2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1.2 of the Complaint and therefore deny the same.

1.3 Davol Inc. ("Davol") denies the allegations as phrased. Davol admits that it is organized under the laws of the State of Delaware with its principal place of business at 100 Crossings Boulevard, Warwick, Rhode Island 02886. Davol admits that its resident agent in Rhode Island is CT Corporation System located at 10 Weybosset Street, Providence, Rhode

Island. Davol further admits that, at certain times, limited manufacturing of the Composix® Kugel® Patch has occurred in Rhode Island.

1.4 C.R. Bard, Inc. ("Bard") admits that it is organized under the laws of the State of New Jersey and that Davol is its subsidiary. Bard further admits that it does business in the State of Rhode Island. Bard denies the remaining allegations.

## II. JURISDICTION AND VENUE

2.1 The allegations in Paragraph 2.1 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

2.2 The allegations in Paragraph 2.2 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

2.3 The allegations in Paragraph 2.3 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## III. BACKGROUND FACTS

3.1 The allegations in Paragraph 3.1 are not directed to Bard, and therefore no response is required. Davol admits that it designed, distributed, and conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 3.1 of the Complaint, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

3.2 Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix®

Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

3.3 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3.3 of the Complaint and therefore deny the same.

3.4 The allegations in Paragraph 3.4 are not directed to Bard, and therefore no response is required. Davol admits that it designed, conducted limited manufacturing of, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol denies the remaining allegations of this paragraph.

3.5 Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as "there is a reasonable chance that the product will cause serious health problems or death."

3.6 Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

3.7 Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Davol further admits that it has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

3.8 Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

3.9 Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

3.10 Defendants deny the allegations contained in Paragraph 3.10 of the Complaint.

3.11 Defendants deny the allegations contained in Paragraph 3.11 of the Complaint.

3.12 Defendants deny the allegations contained in Paragraph 3.12 of the Complaint.

3.13 Defendants deny the allegations contained in Paragraph 3.13 of the Complaint.

3.14 Defendants deny the allegations contained in Paragraph 3.14 of the Complaint.

3.15 Defendants deny the allegations contained in Paragraph 3.15 of the Complaint.

3.16 The allegations in Paragraph 3.16 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

3.17 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

## CAUSES OF ACTION AGAINST DEFENDANTS

### IV.
### NEGLIGENCE

4.1 In response to Paragraph 4.1 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

4.2 The allegations in Paragraph 4.2 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

4.3 The allegations in Paragraph 4.3 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

4.4 The allegations in Paragraph 4.4 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

4.5 The allegations in Paragraph 4.5 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

4.6 The allegations in Paragraph 4.6 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

4.7 The allegations in Paragraph 4.7 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

4.8 The allegations in Paragraph 4.8 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

4.9 The allegations in Paragraph 4.9 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

4.10 The allegations in Paragraph 4.10 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

4.11 The allegations in Paragraph 4.11 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## V.
## RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT

5.1 In response to Paragraph 5.1 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

5.2 The allegations in Paragraph 5.2 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

5.3 Davol admits that it conducted limited manufacturing of, designed, developed, sold and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard denies these allegations. The remaining allegations in Paragraph 5.3 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

5.4 The allegations in Paragraph 5.4 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

5.5 The allegations in Paragraph 5.5 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

5.6 The allegations in Paragraph 5.6 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

5.7 Defendants deny the allegations. Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware.

5.8 Defendants deny the allegations. Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware. Defendants' ability to "inform the public at large" is controlled by FDA regulations, which were complied with.

5.9 The allegations in Paragraph 5.9 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

5.10 The allegations in Paragraph 5.10 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

5.11 The allegations in Paragraph 5.11 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## VI.
## STRICT PRODUCTS LIABILITY

6.1 In response to Paragraph 6.1 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

6.2 Davol admits that it designed, conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 6.2 of the complaint, Davol does not know what is meant by "assembled" or "conveyed" beyond the meanings of "manufactured" and "distributed" which have been addressed above. Davol accordingly denies the remaining allegations. Bard denies each and every allegation presented in Paragraph 6.2.

6.3 The allegations in Paragraph 6.3 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

6.4 The allegations in Paragraph 6.4 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

6.5 The allegations in Paragraph 6.5 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

6.6 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

6.7 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

6.8 The allegations in Paragraph 6.8 and its subparts (a) through (j) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

6.9 The allegations in Paragraph 6.9 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**VII.**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

7.1 In response to Paragraph 7.1 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

7.2 The allegations in Paragraph 7.2 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

7.3 The allegations in Paragraph 7.3 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

7.4 The allegations in Paragraph 7.4 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

7.5 The allegations in Paragraph 7.5 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**VIII.**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

8.1 In response to Paragraph 8.1 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

8.2 The allegations in Paragraph 8.2 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

8.3 The allegations in Paragraph 8.3 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

8.4 The allegations in Paragraph 8.4 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

8.5 The allegations in Paragraph 8.5 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## IX.
## BREACH OF IMPLIED WARRANTY

9.1 In response to Paragraph 9.1 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

9.2 The allegations in Paragraph 9.2 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

9.3 The allegations in Paragraph 9.3 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

9.4 The allegations in Paragraph 9.4 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

9.5 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny those allegations.

9.6 The allegations in Paragraph 9.6 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## X.
## FAILURE TO WARN

10.1 In response to Paragraph 10.1 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

10.2 Davol admits that it designed, conducted limited manufacturing of, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 10.2

of the complaint, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations. Bard denies each and every allegation presented in Paragraph 10.2.

10.3 The allegations in Paragraph 10.3 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

10.4 The allegations in Paragraph 10.4 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

10.5 The allegations in Paragraph 10.5 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

10.6 Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny those allegations.

10.7 The allegations in Paragraph 10.7 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

10.8 The allegations in Paragraph 10.8 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## DAMAGES

### XI.
### ACTUAL DAMAGES

11.1 The allegations in Paragraph 11.1 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

11.2 The allegations in Paragraph 11.2 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

11.3 The allegations in Paragraph 11.3 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**XII.**
**PRE-JUDGMENT AND POST JUDGMENT INTEREST**

12.1 The allegations in Paragraph 12.1 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**XIII.**
**EXEMPLARY DAMAGES**

13.1 The allegations in Paragraph 13.1 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**XIV.**
**JURY DEMAND**

14.1 The allegations in Paragraph 14.1 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**XV.**
**CONDITIONS PRECEDENT**

15.1 The allegations in Paragraph 15.1 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**XVI.**
**PRAYER**

16.1 The allegations in Paragraph 16.1 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiffs' claims against Defendants in whole or in part.

5. Plaintiffs' Complaint should be dismissed for lack of proper venue.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiffs', or their agents', including their physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiffs' claims in whole or in part.

8. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

10. If Plaintiffs sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiffs used a product sold by Defendants, Plaintiffs used the product for off-label purposes, which bars the Plaintiffs' claims.

12. The learned intermediary doctrine bars Plaintiffs' claims.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

17. If Plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

18. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiffs or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

20. Plaintiffs failed to mitigate damages, which limits Plaintiffs' recovery, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to it.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiffs' claims are barred in whole or in part by Plaintiffs' own comparative negligence.

24. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

25. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in Article I of the Rhode Island Constitution and/or applicable provisions of the Alabama Constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Rhode Island Constitution and/or the Alabama Constitution.

29. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under Rhode Island, Alabama, and/or other applicable laws.

30. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Rhode Island.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: May 1, 2008

Respectfully submitted,

Mark T. Nugent, #2637
Thomas M. Robinson, #6193
MORRISON MAHONEY, LLP
10 Weybosset Street, Suite 900
Providence, RI 02903
Tel.: (401) 331-4660
Fax: (401) 351-4420

Kirby T. Griffis, *pro hac vice*
Dana Alan Gausepohl, *pro hac vice*
Michael L. Junk, *pro hac vice*
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW
Washington, DC 20005
Tel: (202) 898-5800
Fax: (202) 862-1639

ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2008, a copy of the foregoing was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Anthony E. Pletcher, Esq.
Mikal C. Watts, Esq.
Robert J. Patterson, Esq.
Austin W. Anderson, Esq.
WATTS LAW FIRM, L.L.P.
2506 North Port Avenue
Corpus Christi, TX 78401

David Morowitz, Esq.
The Law office of David Morowitz, Ltd.
155 South Main Street
Providence, RI 02903

*via first-class, postage prepaid, mail*



653224v1